**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER RENFRO, | No. 19-16992 |
| Petitioner-Appellant, | D.C. No. 1:19-cv-00007-AWI-EPG |
| v. | |
| SOCIAL SECURITY ADMINISTRATION; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Christopher Renfro appeals pro se from the district court's judgment in his mandamus action under 28 U.S.C. § 1361. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Johnson v. Reilly*, 349 F.3d

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1149, 1154 (9th Cir. 2003) (determination of whether the elements for mandamus relief are satisfied). We affirm.

The district court properly denied Renfro's petition for writ of mandamus because Renfro failed to demonstrate an entitlement to mandamus relief. *See Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003) (setting forth elements for mandamus relief and stating that "[i]f a plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie"); 20 C.F.R. § 416.1413 (procedures for requesting reconsideration of Social Security Administration's ("SSA") initial determination of benefits and for opportunity to review the file).

We reject as without merit Renfro's contention that he is entitled to the names and other identifying information of SSA employees.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**